UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EILEEN SCHNEIDERMESSER,

                     *Plaintiff*,

   -against-

NYU GROSSMAN SCHOOL OF MEDICINE,

                     *Defendant*.
------------------------------------------------------------X

**COMPLAINT**

Plaintiff, Eileen Schneidermesser, as and for her Complaint, all upon information and belief, respectfully alleges as follows:

## JURISDICTION OF VENUE

1. This Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C §1331, in that certain of the Plaintiff's claim arise under the laws of the United States, namely The Age Discrimination in Employment Act of 1967, 29 U.S.C. §623(a)-1 et seq., and supplemental jurisdiction exists over the remainder of Plaintiff's claims under Chapter 18, Article 15 of the New York State Executive Law §296(1)(a) and (e) pursuant to 28 U.S.C. §1367.

2. Venue is proper under 42 U.S.C §2000e-5(f)(3) and 28 U.S.C §1391(b) because the Defendant resides in and does business within the Southern District of New York.

3. Plaintiff filed a charge of unlawful age discrimination against Defendant with the Equal Employment Opportunity Commission on June 14, 2021 and received a Notice of Right to Sue on August 25, 2021.

**IDENTITY OF THE PARTIES**

1. At all relevant times mentioned herein, Plaintiff Eileen Schneidermesser ("Schneidermesser"), was employed by Defendant NYU Grossman School of Medicine (hereinafter "NYU") at NYU Langone Nassau Gastroenterology Associates ("GI Associates") until her unlawful termination on April 29, 2021, due to age discrimination.

2. At all relevant times mentioned herein, NYU is the medical school of NYU University and is part of NYU Langone Health.

3. Schneidermesser performed her services at GI Associates, a practice that specializes in the treatment of digestive disorders, including Crohn's disease and ulcerative colitis.

4. At the time of the filing of this Complaint, Schneidermesser is 76 years of age.

**BACKGROUND RELEVANT TO ALL CAUSES OF ACTION**

5. Schneidermesser commenced her employment with NYU in April 1989 as billing coordinator, when the facility was known as "Nassau Gastroenterology."

6. In approximately 2012, Nassau Gastroenterology was acquired by NYU and the new facility became known as "NYU Langone Nassau Gastroenterology Associates."

7. At all relevant times herein mentioned, Schneidermesser was fully qualified for her role and performed the duties of her position in a manner that was fully acceptable to NYU, as confirmed by her remarkable longevity of more than three decades.

8. In or around 2018, Schneidermesser began reporting to Program Director Heather Dufficy ("Dufficy"), who, at that time, was approximately 37 years of age.

9. Beginning in June 2019, when Schneidermesser was 74 years of age, Dufficy began a pattern and practice of denigrating Schneidermesser because of her age, which caused other staff

2

members to join in, namely Monica Perez ("Perez") (front desk administrator) and Cora Gold ("Gold") (medical secretary), and which conduct included but was not limited to at least the following:

- Explicitly telling Schneidermesser that she should retire because of her age, stating, **"When are you going to retire already?"** and **"When are you going to retire Old Lady?"**

- Falsely accusing Schneidermesser of being forgetful, saying, **"How many times do I have to tell you the same thing, Old Lady?"** and **"How many times do I have to tell you the same thing, Grandma?"**

- Blatantly refusing to help Schneidermesser because of her age by stating, **"I'm not helping you Old Lady, figure it out yourself;"**

- Accusing Schneidermesser of being too old to hear, saying, **"Time for hearing aids;"**

- Beginning in September 2019, knocking on the bathroom door when Schneidermesser was using the restroom and stating loudly, **"Hurry up Old Lady"** and, **"We don't have all day;"**

- In May 2020, when the office moved from Great Neck to Lake Success, asking Schneidermesser whether she was going to **"remember which office to go to now, Granny;"**

- Beginning in December 2019 and continuing until her unlawful termination, placing post-it notes on Schneidermesser's computer keyboard that said, **"Time to retire, Old Lady," "Hurry up an retire already, Grandma"** and **"Hearing Aid????"**

10. Dufficy terminated Schneidermesser on or about April 29, 2021.

11. The purported reason that Dufficy gave Schneidermesser for her termination was a false and outrageous allegation that Schneidermesser had made inappropriate remarks in the

3

workplace, including stating that a colleague "doesn't look black" and that immigrant children are "jumping the border and bringing the virus to us," referring to COVID-19

12. These allegations were absolutely false and defamatory, and Schneidermesser vehemently disputed them, both at the time she was presented with them in April 2021 and to this day.

13. The truth is that these false allegations were manufactured as a pretext for terminating Schneidermesser because of her age, as confirmed by the direct statements of Dufficy and her staff that made it painfully clear that Schneidermesser was not wanted because of her age.

14. As a result of NYU's unlawful conduct, Schneidermesser has suffered the adverse effects of age discrimination, which includes damages to the quality of her life, her self-esteem, self-respect and financial and emotional well-being because she was subjected to the humiliating and demeaning type of conduct described herein, all of which will continue and remain a source of humiliation, distress and financial loss to Schneidermesser into the future.

**AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF SCHNEIDERMESSER AGAINST NYU FOR AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

15. Schneidermesser repeats, re-alleges and incorporates in full paragraphs 1 through 14 of this Complaint, as though fully set forth at length herein.

16. At all relevant times, Schneidermesser was in a protected category under The Age Discrimination in Employment Act of 1967, 29. U.S.C. §623(a)(1) ("the ADEA"), because she was approximately 76 years old at the time she was terminated on April 29, 2021.

17. Schneidermesser was fully qualified for his position and performed his duties in a satisfactory fashion and was in a position to continue doing so for the remainder of his career.

4

18. Given the circumstances surrounding Schneidermesser's termination, including the comments that were made by her direct supervisor such as that it was **"time to retire,"** there is a very real inference that Schneidermesser was discriminated against because of her age.

19. The aforementioned acts of NYU constitute unlawful discrimination on the basis of age against Schneidermesser in violation of the ADEA, 29 U.S.C. §623(a)(1), which provides, *inter alia*, that:

> It shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age . . .

20. Schneidermesser has been personally and professionally humiliated, demeaned and degraded, all of which was caused by NYU's conduct in violation of Schneidermesser's human rights.

21. As a direct and proximate result of NYU's conduct complained of herein, Schneidermesser has suffered damages, injuries and losses, both actual and prospective, which include the irreparable damage to her career and emotional pain and suffering, so that Schneidermesser seeks in this First Cause of Action compensatory damages in an amount to be determined at a trial of this matter, as well as reasonable attorney's fees, the costs of this action and pre-judgment interest.

22. Here, the acts of NYU were done so clearly with reckless indifference in the face of a perceived risk that its actions would violate Schneidermesser's protected rights under the ADEA so that, in addition to all the damages inflicted upon Schneidermesser and in addition to all

the measures of relief to which Schneidermesser may properly be entitled herein, NYU should also be required to pay punitive damages in an award to be determined at a trial of this matter as punishment for its discriminatory conduct, in order to deter NYU and others similarly situated from engaging in such conduct in the future.

24. Schneidermesser, therefore, seeks judgment against NYU on this first cause of action in an amount to be determined at trial for compensatory damages, punitive damages, costs, pre-judgment interest and reasonable attorney's fees .

**AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF SCHNEIDERMESSER AGAINST NYU FOR AGE DISCRIMINATION IN VIOLATION OF §296(1)(a) OF THE NEW YORK STATE HUMAN RIGHTS LAW**

25. Schneidermesser repeats, realleges and incorporates in full paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Schneidermesser was in a protected class under the New York State Human Rights Law because of her age.

27. Up to and during the time of NYU's wrongful, unlawful, and discriminatory actions against her, Schneidermesser was fully qualified for and capable of performing her position, as confirmed by her longevity of more than thirty years.

28. Given the circumstances surrounding NYU's unlawful acts against Schneidermesser, including repeatedly referring to Schneidermesser as "Old Lady," "Grandma" and regularly asking her when she was going to retire, there is a strong inference that the true motive for NYU's adverse employment actions against Schneidermesser was age discrimination.

29. The hostile, offensive, demeaning and intimidating work environment created by NYU, as described herein, was unwelcome to Schneidermesser, as it would reasonably be to any person, and altered the terms, conditions and privileges of her employment.

30. As a proximate result of NYU's conduct, Schneidermesser has been adversely affected in her employment and in her normal life's pursuits, and Schneidermesser was caused to suffer injuries resulting in financial loss, emotional anguish and suffering, and has been humiliated and demeaned because of NYU's discriminatory conduct in violation of Schneidermesser's human rights, all of which impacted upon her well-being and the quality of her life.

31. The aforementioned acts of NYU constitute unlawful disability discrimination against Schneidermesser in violation of Chapter 18, Article 15 of the New York State Executive Law §296(1)(a) (referred to herein as "the New York State Human Rights Law"), which *inter alia*, states that:

> It shall be unlawful discriminatory practice: (a) For an employer . . . because of the . . . age . . . of any individual . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

32. As a proximate result of NYU's conduct, Schneidermesser has been adversely affected in her employment, her well-being, in the quality of her life and in her normal life's pursuits, and Schneidermesser believes that NYU's conduct complained of herein has and will continue to have a devastating effect upon her life, all of which Schneidermesser alleges to be in the amount of Three Million Dollars ($3,000,000).

33.     NYU, because of its violations of the New York State Human Rights Law, is also liable to Schneidermesser for punitive damages pursuant to §297(9) and reasonable attorney's fees pursuant to §297(10), in addition to pre-judgment interest and costs.

34.     Here, NYU's conduct towards Schneidermesser shows that it acted with willful or wanton negligence, or recklessness, or a conscious disregard of Schneidermesser's rights under the New York State Human Rights Law, or that its unlawful actions against Schneidermesser were so reckless as to amount to a disregard of Schneidermesser's rights, so that in addition to all the damages inflicted upon Schneidermesser and in addition to all the measure of relief to which Schneidermesser may properly be entitled herein, NYU should also be required to pay punitive damages as punishment for its reprehensible conduct in the further amount of Four Million Dollars ($4,000,000) in order to deter NYU and others similarly situated from such conduct in the future.

35.     Schneidermesser, therefore, seeks judgment against NYU on this second cause of action, including, among other things, for compensatory damages in the sum of Three Million Dollars ($3,000,000), and the additional further sum of Four Million Dollars ($4,000,000) in punitive damages, together with costs, pre-judgment interest and reasonable attorney's fees on this second cause of action, making a total of Seven Million Dollars ($7,000,000).

**WHEREFORE**, Plaintiff Eileen Schneidermesser demands judgment against Defendant NYU Grossman School of Medicine on the First Cause of Action for compensatory damages and punitive damages in amounts to be determined at trial; on the Second Cause of Action in the sum of Three Million Dollars ($3,000,000) in compensatory damages and the additional and further sum of Four Million Dollars ($4,000,000) in punitive damages; plus, for both causes of action,

pre-judgment interest, the costs of this action and reasonable attorney's fees; and for such other relief as this Court deems just and proper.

                                                  **SCHWARTZ PERRY & HELLER, LLP**
                                                  *Attorneys for Plaintiff*

                                                  By:_____
                                                    DAVIDA S. PERRY
                                                    BRIAN HELLER
                                                    3 Park Avenue, Suite 2700
                                                    New York, NY 10016
                                                    (212) 889-6565