UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EILEEN SCHNEIDERMESSER,<br><br>      Plaintiff,<br><br>    v.<br><br>NYU GROSSMAN SCHOOL OF MEDICINE,<br><br>      Defendant. | 21 Civ. 7179 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Before the Court is Defendant's motion to strike the following documents filed in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment: (1) Plaintiff's Declaration, *see* ECF No. 64, on the grounds that it contains allegations that are inadmissible in evidence; and (2) Connie D'Amico's ("D'Amico's") Declaration, *see* ECF No. 65, on the grounds that D'Amico was never identified as a witness with knowledge in this matter.[1] *See* ECF No. 67. For the reasons discussed herein, Defendant's motion to strike is **GRANTED IN PART AND DENIED IN PART**.

### DISCUSSION

**A. Plaintiff's Declaration**

  Defendant first moves to strike Plaintiff's Declaration in full, or else to strike 46 paragraphs from Plaintiff's Declaration, for Plaintiff's purported failure to satisfy Rule 56.[2] *See generally* Def.'s Mem. of L. in Supp. of its Mot. to Strike ("Def.'s Br."), ECF No. 67-1. For the reasons discussed herein, Defendant's motion is denied as to Plaintiff's Declaration.

---

[1] Defendant's Motion for Summary Judgment is also fully briefed before the Court. *See* ECF No. 61. The Court's Opinion & Order deciding that motion will issue separately.

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

1. **Legal Standards**

"Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Pharmacy, Inc. v. Amer. Pharm. Partners, Inc.*, No. 05 Civ. 776, 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007). "[A] court may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements." *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015). However, "[t]he party moving to strike bears a heavy burden, as court[s] generally disfavor motions to strike." *Siani v. State Univ. of N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 334 (E.D.N.Y. 2014). "In determining whether to grant the motion to strike, a court will deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike." *Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 383 (S.D.N.Y. 2023).

2. **Application**

The Court has determined that Plaintiff's Declaration contains some unsubstantiated claims, conclusory statements, and improper arguments. *See* Def.'s Br. 7-12 (citing examples from Plaintiff's Declaration). The Court nonetheless underscores that Defendant faces a "heavy burden," *see Siani*, 7 F. Supp. 3d at 334, in demonstrating that the "drastic remedy" of striking Plaintiff's testimony is justified, *see New World Sols.*, 150 F. Supp. 3d at 306. That burden is not met here, where Plaintiff's statements were not "abusive," *Shamrock Power Sales, LLC v. Scherer*, No. 12 Civ. 8959, 2016 WL 7647597, at *7 (S.D.N.Y. Dec. 8, 2016), *report and recommendation adopted*, No. 12 Civ. 8959, 2017 WL 57855 (S.D.N.Y. Jan. 4, 2017), and where all doubts must be resolved "in favor of denying the motion to strike," *Jujamcyn Theaters*, 659 F. Supp. 3d at 383.

The Court "is capable of reading the challenged declaration[], identifying any portions of [it] that are improper or lack evidentiary value, and disregarding any such portions." *N.Y. State Vegetable Growers Ass'n, Inc. v. James*, No. 23 Civ. 1044, 2024 WL 665978, at *1 (W.D.N.Y. Feb. 16, 2024). Accordingly, to the extent any paragraph of Plaintiff's Declaration does not meet the "requirements of Rule 56, the offending portions should [and will] be disregarded by the court," and need not be stricken from the record. *Fed. Trade Comm'n v. Vantage Point Servs.*, 266 F. Supp. 3d 648, 654 (W.D.N.Y. 2017). Thus, to be clear, while the Court declines to strike Plaintiff's Declaration in whole or in part, it will not rely on any portion of Plaintiff's Declaration that is "not based upon the affiant's personal knowledge," "contain[s] inadmissible hearsay," or "make[s] generalized and conclusory statements." *Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15 Civ. 1756, 2020 WL 5743516, at *11 n.8 (S.D.N.Y. Sept. 25, 2020); *see also Vantage Point Servs.*, 266 F. Supp. 3d at 654 (holding that while the court would "not strike the [challenged] declaration from the record[,] . . . the legal arguments and factual allegations contained [therein would] not be considered"). Nor will it consider any unsubstantiated or otherwise improper statement by Plaintiff in deciding Defendant's Motion for Summary Judgment. *See Horn v. Medical Marijuana, Inc.*, 80 F.4th 130, 133 (2d Cir. 2023) (considering only the undisputed facts in the record).

### B. D'Amico's Declaration

Defendant next moves to exclude D'Amico's Declaration, *see* ECF No. 65, which Plaintiff had also submitted in support of her Opposition to Defendant's Motion for Summary Judgment. Despite failing to disclose D'Amico as a witness, Plaintiff submitted D'Amico's declaration alongside her opposition to Defendant's motion for summary judgment, purportedly to "refut[e] NYU's claim that Schneidermesser had a history of inappropriate conduct." Pl.'s

Mem. of L. in Opp'n to Def.'s Mot. to Strike ("Pl.'s Opp'n") 9. For the reasons discussed herein, the Court grants Defendant's motion to exclude D'Amico's Declaration.

### 1. Legal Standards

Rule 26(a) requires parties to provide, among other things, "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "Several provisions of the Federal Rules of Civil Procedure authorize a court to impose sanctions for untimely, incomplete, or misleading responses during discovery." *Markey v. Lapolla Indus. Inc.*, No. 12 Civ. 4622, 2015 WL 5027522, at *16 (E.D.N.Y. Aug. 25, 2015). As relevant here, Rule 37(c) provides in part that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information." *New World Sols.*, 150 F. Supp. 3d at 304. To determine whether preclusion is warranted under Rule 37, a court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) ("*Design Strategy* factors"); *Richmond v. Gen. Nutrition Centers Inc.*, No. 08 Civ. 3577, 2012 WL 762307, at *6 (S.D.N.Y. Mar. 9, 2012) (same). The purpose of the rule is to prevent "sandbagging" an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

**2. Application**

Defendant easily carries its burden of demonstrating that Plaintiff failed to timely disclose D'Amico in her initial disclosures or discovery responses. *See* Def.'s Br. 12 (citing the initial disclosures and discovery responses). Plaintiff concedes this failure, arguing only that it was "harmless." Pl.'s Opp'n 9. The Court disagrees. Having carefully considered the *Design Strategy* factors, it now grants Defendant's motion to the extent it seeks to strike D'Amico's Declaration.

Turning to the first *Design Strategy* factor, Plaintiff offers no explanation whatsoever for her failure to comply with the disclosure requirement. *See generally id.* This failure to explain weighs heavily in favor of preclusion. *See Design Strategy*, 469 F.3d at 297 (holding that a party's failure to explain an omission from its initial disclosures weighed heavily in favor of preclusion).

Next, Plaintiff readily concedes that D'Amico's Declaration is unimportant, describing that testimony as "tangential." Pl.'s Opp'n 9. From its review of D'Amico's Declaration, the Court agrees with Plaintiff's characterization. D'Amico's Declaration, which testifies to Plaintiff's work before the relevant period, does not relate to any material fact for the purposes of Defendant's Motion for Summary Judgment. This, too, weighs in favor of preclusion. *Cf. IBM Corp. v. Micro Focus (US) Inc.*, No. 22 Civ. 9910, 2024 WL 2240281, at *4 (S.D.N.Y. May 17, 2024) (holding that where evidence was important to the question at issue, the second factor weighed against preclusion), *objections overruled*, No. 22 Civ. 9910, 2024 WL 3346078 (S.D.N.Y. July 8, 2024).

Third, Defendant has persuasively argued that it would be prejudiced if the Court were to consider D'Amico's testimony, as Defendant "was unable to gather any discovery related to D'Amico, and Plaintiff's failure stripped NYU of the opportunity to defend the assertions

5

contained in the D'Amico Declaration."  Def.'s Reply Mem. of L. in Further Supp. of its Mot. to Strike 9, ECF No. 76.  This, too, weighs in favor of preclusion.  *See Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (noting the "prejudice caused by [a party's] waiting [to disclose a witness] until after the close of discovery" and after a motion for summary judgment had been filed).

Fourth, the Court has determined that "[a] continuance, which neither party has requested, would not be justified by the circumstances."  *See Capitol Recs., LLC v. Escape Media Grp., Inc.*, No. 12 Civ. 6646, 2015 WL 1402049, at *28 (S.D.N.Y. Mar. 25, 2015); *see also Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 435-36 (S.D.N.Y. 2014) ("[G]ranting a continuance at this stage . . . would reward the . . . defendants for disregarding this court's [discovery deadline] orders by imposing on the other parties at this late stage the need to invest significant time and expense. . . . This not only would undermine the court's ability to manage its schedule, but also would impose a delay that may well have been designed to give the . . . defendants an unwarranted opportunity to forestall resolution of [the summary judgment] motion.").

In sum, the *Design Strategy* factors weigh in favor of precluding D'Amico's testimony.  The Court in its discretion has determined that the inclusion of that testimony is neither justified nor harmless.  Accordingly, it strikes D'Amico's Declaration from the record.

## CONCLUSION

For the reasons discussed herein, Defendant's motion to strike is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Court strikes only D'Amico's Declaration from the record.  While the Court will not strike Plaintiff's Declaration, it will disregard any paragraph within it that does not comply with Rule 56.

The Clerk of Court is respectfully requested to terminate ECF No. 67 and to strike ECF No. 65 from the record.

SO ORDERED.

Dated: September 5, 2024
New York, New York

_____
DALE E. HO
United States District Judge