UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EILEEN SCHNEIDERMESSER,<br><br>                    Plaintiff,<br><br>v.<br><br>NYU GROSSMAN SCHOOL OF MEDICINE,<br><br>                    Defendant. | 21 Civ. 7179 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

In an Opinion and Order dated September 10, 2024, this Court granted in part and denied in part a motion for summary judgment filed by Defendant NYU Grossman School of Medicine at NYU Langone Nassau Gastroenterology Associates ("NYU Langone" or "Defendant"). *See* Sept. 10, 2024 Op. and Order (hereinafter, "SJ Order"), ECF No. 78. Familiarity with the relevant facts of this case, as set forth in that Opinion, is assumed. In essence, the Court granted summary judgment for NYU Langone on Plaintiff Eileen Schneidermesser's ("Ms. Schneidermesser" or "Plaintiff") age-based employment discrimination claims arising from her termination, but denied summary judgment on her age-based hostile work environment claims. *See id.* The parties now cross-move for reconsideration of those decisions. *See* ECF Nos. 81 and 83. For the reasons stated below, Ms. Schneidermesser's motion is **DENIED**, and NYU Langone's motion is **DENIED**.

## LEGAL STANDARDS

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).[1] "[T]he . . . standard for a

---

[1] In all quotations from cases, internal quotation marks, brackets, ellipses, footnotes, citations, and emphases are omitted, unless otherwise indicated.

district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## DISCUSSION

At the outset, the Court notes that the parties' respective motions appear to stem from the assumption that where a plaintiff brings claims for employment discrimination in the form of an adverse action and for a hostile work environment, the claims must generally rise or fall together, and that, therefore, there is something inconsistent about this Court's decision granting summary judgment for Defendants on Ms. Schneidermesser's discrimination claim while denying it on her hostile work environment claim. The parties' premise is incorrect. It is not unusual for a court to dismiss an adverse action employment discrimination claim, while permitting the plaintiff to proceed on a hostile work environment claim. *See, e.g.*, *Salas v. N.Y.C. Dep't of Investigation*, 298 F. Supp. 3d 676, 684, 687-88 (S.D.N.Y. 2018) (holding that plaintiff had stated claim for hostile work environment under the Americans with Disabilities Act based on allegations that co-worker engaged in "daily, humiliating mocking of a pronounced stutter in front of [the plaintiff's] colleagues," while dismissing ADA discrimination claim because the plaintiff failed to allege that disability "played a role in [the] decisions to give her a written warning and to deny her a pay raise."); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 585 (S.D.N.Y. 2011) (dismissing gender-based discrimination claim because plaintiff "does not allege facts, for instance, tending to

show that she was terminated because she is female," while also holding that "[t]o the extent that her hostile work environment claim is gender-based, . . . [plaintiff's] case will proceed").

There is nothing fundamentally inconsistent about the Court's earlier determination that there was no genuine dispute of material fact that Ms. Schneidermesser was terminated for legitimate, nondiscriminatory reasons, *see* SJ Order at 10-13, but that there was such a dispute as to whether, prior to her termination, she faced a hostile work environment based on her age, *see id.* at 14-15. Nevertheless, the Court takes the issues raised in the parties cross-motions in turn below.

I.   **Ms. Schneidermesser's Motion**

Ms. Schneidermesser raises three arguments in her motion. First, she argues that the Court erred in concluding that there was no genuine dispute of fact that she was terminated for legitimate nondiscriminatory reasons, because NYU Langone cannot be presumed to have acted in good faith in terminating her given that, according to her, "all the information NYU's Human Resources and Employee Relations Departments learned about Ms. Schneidermesser came solely from [her supervisor] Dufficy, who harbored a discriminatory animus against Schneidermesser." Pl.'s Mem. Supp. Mot. Recons. ("Pl.'s Br.") at 4, ECF No. 82. Ms. Schneidermesser argues that the decisionmakers at NYU Langone who fired her simply "rubber-stamp[ed]" Dufficy's "unlawful design," acting as her "cat's paw," such that they cannot be presumed to have acted in good faith. *See id.* at 3-4.

This argument fails for two reasons. First, Ms. Schneidermesser did not present this "cat's paw" theory of liability during briefing on the motion for summary judgment. That alone is grounds for not considering it now. *See Analytical Survs., Inc.*, 684 F.3d at 52 (explaining that a motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple."). Second and more fundamentally, Ms.

3

Schneidermesser's contentions on this point are flatly contradicted by the record, which is not consistent with her "rubber stamp" characterization. As the Court set forth in its SJ Order, NYU Langone engaged in a lengthy multi-step investigative process in deciding to terminate Ms. Schneidermesser, *see* SJ Order at 3-5, which the Court does not recount in full detail here. In brief, contrary to Ms. Schneidermesser's assertions, derogatory information about her did not come "solely from Dufficy," Pl.'s Br. at 4, but also from at least three other co-workers, including:

- Jenine Jones, who stated that she was uncomfortable working with Ms. Schneidermesser because, *inter alia*, Ms. Schneidermesser told her that she did not "look black" and referred to Chinese people as "Chinks," and who memorialized her complaints in a text message, *see* SJ Order at 3;

- Sandra Radovic, who substantiated Jones's account, reported additional derogatory language used by Ms. Schneidermesser, and who also memorialized her concerns in writing, *see id.* at 4; and

- Mindy Golomb, who confirmed that Ms. Schneidermesser used inappropriate language, *see id.*

Ms. Schneidermesser protests that the statements by these co-workers are "false." Pl.'s Br. at 5-6. But as this Court explained in its prior Order, the Second Circuit has instructed that the relevant issue is not "the truth of the allegations against [the] plaintiff," which courts "are decidedly not interested in." SJ Order at 10 (quoting *McPherson v N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006)). The question is what motivated the decisionmakers, not whether they made the objectively correct determination. And here, Ms. Schneidermesser has adduced no evidence that the determination to terminate her was made on any basis other than legitimate, nondiscriminatory concerns—namely, the receipt of complaints about her conduct—or that this rationale was pretextual. *See Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 108 (S.D.N.Y. 2009).

Second, Ms. Schneidermesser asserts that the Court's determination was based on credibility determinations inappropriate on summary judgment. *See* Pl.'s Br. at 5-6. As the discussion above demonstrates, however, the Court's decision is not based in any way on an

assessment of the truth of the complaints made against Ms. Schneidermesser. Rather, the Court's decision is based on whether those complaints—irrespective of their truth—actually formed the basis of the decision to terminate her. And there is no indication in the record that they did not. In any event, given that she acknowledged in her deposition that she was verbally counseled regarding the use of inappropriate language, Ms. Schneidermesser's own deposition testimony was consistent with the basis for her termination. *See* Statement of Material Facts Supp. Def.'s Mot. Summ. J. ("SMF") ¶ 22, ECF No. 61-2. While Ms. Schneidermesser submits a declaration denying this, the Second Circuit has made clear that, "in opposing summary judgment, a party who has testified to a given fact in [her] deposition cannot create a triable issue merely by submitting [her] affidavit denying the fact." *Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000).

Third, Ms. Schneidermesser argues that the Court erred by adopting a "but-for" standard for causation under the New York State Human Rights Law (NYSHRL). *See* Pl.'s Br. at 7-8. As the Court explained in its prior Order, in the absence of explicit guidance from the Second Circuit or the New York Court of Appeals on this question, the Court followed the majority of district courts in this Circuit in holding that a but for causation standard applies to the NYSHRL. *See* SJ Order at 9 n.3. In any event, this issue is irrelevant, because under *any* standard of causation, the result would be the same, as the record in this case did not demonstrate any dispute of fact as to the basis for Ms. Schneidermesser's termination. *See id.* at 11-13. There is no evidence in the record that age (or anything else improper) formed a basis for her termination in any way. And even if the Court were to assume for the purposes of argument that Ms. Schneidermesser had made a prima facie case of discrimination, including on the issue of causation, NYU Langone satisfied its burden under the applicable burden-shifting framework to rebut such a case by putting forth evidence of a legitimate, nondiscriminatory reason for her termination. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Not to mention, Ms. Schneidermesser failed to

5

meet her burden of putting forth evidence that would create a dispute of fact as to whether that reason was pretextual. *See Kolesnikow*, 622 F. Supp. 2d at 108.

Accordingly, Ms. Schneidermesser's motion is **DENIED**.

## II.     NYU Langone's Motion

NYU Langone raises two arguments in its motion. First, it contends that Ms. Schneidermesser failed to establish that the allegedly hostile treatment that she endured at work rose to such a level that it altered the terms and conditions of employment. *See* Def.'s Mem. Supp. Mot. Recons. ("Def.'s Br.") at 4-6, ECF No. 84. "This test has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). As to the subjective element, NYU Langone relies heavily on deposition testimony and a declaration from Ms. Schneidermesser that, in essence, described how much she enjoyed working there. *See* Def.'s Br. at 5 (quoting Schneidermesser Dep. 32:14-17, 73:24-25, 75:13-16, ECF No. 64-1, and Schneidermesser Decl. ¶ 12, ECF No. 64). But there is nothing inconsistent about suffering from a hostile work environment at a job that one otherwise loves, and Ms. Schneidermesser provided substantial testimony as to how the allegedly hostile work environment that she endured affected her deeply. *See* Pl.'s Opp'n to Def.'s Mot. Recons. ("Pl.'s Opp'n") at 7, ECF No. 88 (describing deposition testimony that the environment was "overwhelming," "horrible," "terrible," "awful" and that she "didn't even want to come into work" because she didn't "know[] what they're going to say to me again, or what they're going to do."). As to the objective element, the Court previously noted that the evidence in the record is inconsistent as to whether the comments and behavior that Ms. Schneidermesser complains of were meant as terms of endearment or as expressions of hostility. *See* SJ Order at 15. Thus,

"[r]esolving all ambiguities and drawing all inferences in [Plaintiff's] favor, [the Court] cannot say as a matter of law that these incidents could not amount to a claim of a hostile work environment." *Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 76 (2d Cir. 2023).

Next, NYU Langone raises the *Faragher/Ellerth* defense, which "comprises two elements: that (1) 'the employer exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior,' and (2) 'the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Ferraro v. Kellwood Co.*, 440 F.3d 96, 101 (2d Cir. 2006) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)); *see* Def.'s Br. at 6-8. This argument fails for two reasons. First, it was not raised in NYU Langone's motion for summary judgment. *See Analytical Survs., Inc.*, 684 F.3d at 52. NYU Langone seems to imply that this defense became apparent to it only after the Court ruled on summary judgment, *see* Def.'s Br. at 7, but this does not mean that NYU Langone could not have raised this defense in its opening summary judgment papers. In any event, Ms. Schneidermesser disputes NYU Langone's contention that she did not avail herself of its anti-discrimination policies, including by complaining to a doctor there who, she says, was obliged to report her complaints to the Employee Relations Department, *see* Pl.'s Opp'n at 11-12. Accordingly, on the record before the Court, there are disputes of fact as to both elements of the *Faragher/Ellerth* defense.

NYU Langone's motion is therefore **DENIED**.

## CONCLUSION

For the reasons discussed herein, the parties' cross-motions for reconsideration are **DENIED**. The parties shall file a joint status letter within **two weeks** of publication of this

Memorandum Opinion and Order. The letter shall state the parties' availability for trial in April, May, and June of 2026, as well as an estimate of the length of trial.

The Clerk of Court is respectfully requested to terminate ECF Nos. 81 and 83.

SO ORDERED.

Dated: September 25, 2025
      New York, New York

_____
DALE E. HO
United States District Judge